UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-107 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| MATTHEW DERECK HOWELL, | |
| Defendant. | |

Defendant Matthew Howell is detained at the Sherburne County Jail while awaiting trial on an Indictment (Dkt. No. 1) charging him with multiple counts of robbery and firearms crimes. Since September 6, 2022, Mr. Howell has been under a temporary order restricting his communications to his attorney and his attorney's staff (Dkt. Nos. 32 and 33). The Court now makes that order permanent.

At his June 14, 2022 detention hearing, this Court ordered Mr. Howell to have no contact with a potential prosecution trial witness, "B.G." (Dkt. No. 11). Upon learning in August that Mr. Howell had apparently been in contact with B.G. numerous times both by telephone and video visits, the United States moved on September 2 (the Friday before the three-day Labor Day weekend) to restrict Mr. Howell's jail communications to only his defense lawyers and their staff. (Dkt. No. 30). The Court and counsel for both sides conferred by Zoom concerning this motion on Tuesday, September 6, the first business day following the long weekend. Because Mr. Howell was not present (his attendance, either in person or by Zoom, could not be arranged on such short notice), the discussion was

limited to what—if any—order the Court should enter before a full hearing on the Motion of the United States, and the scheduling of that hearing. Pending that hearing, the Court entered an order temporarily restricting Mr. Howell's communications. (Dkt. No. 33). A hearing on the motion was scheduled for October 7.[1] (Dkt. No. 35.)

Mr. Howell filed a response to the prosecution's motion on September 30. (Def.'s Response, Dkt. No. 39). Mr. Howell acknowledges that he violated the Court's no-contact order, but argues that the situation is complicated by the fact that he and B.G. are romantically involved and Mr. Howell has known B.G.'s family for years. (*Id.* at 2). Thus, Mr. Howell claims the evidence from the United States does not "implicate[] the government's core concern of witness tampering." (*Id.* at 2.) However, Mr. Howell does not object to a "formal restriction…limiting any phone calls to his attorney only," if the Court finds it necessary. (*Id.* at 3.) The Court does find it necessary. The restrictions suggested by the United States will ensure that Mr. Howell does not continue to violate the Court's order, which the Court put in place to prevent Mr. Howell from tampering with witnesses.

I.  **Background**

Mr. Howell allegedly robbed three South Minneapolis stores at gunpoint over the course of four days. (Indict. 1–4, Dkt. No. 1; Mot. Restrict Def.'s Jail Communications 1, Dkt. No. 30). He is charged with several felonies, including Discharging a Firearm During

---

[1] An earlier hearing was rescheduled after a participant in the hearing came into close contact with a person who tested positive for the COVID-19 virus. (Dkt. Nos. 33 and 35.)

and in Relation to a Crime of Violence.[2] (Indict. 1–4.) Mr. Howell's girlfriend, B.G., is a possible prosecution witness because she identified Mr. Howell as the robber in the security footage from two of the three stores. (Mot. Restrict 3–4.) Acknowledging that B.G. was a potential trial witness, the United States moved for an order prohibiting Mr. Howell from contacting her, and this Court granted the request. (Detention Order 1, Dkt. 11.)

According to the United States, Mr. Howell violated this Court's order immediately after it was entered. (Carpenter Decl. ¶ 8., Dkt. No. 30-1) In a phone call to B.G. following the hearing where the Court told Mr. Howell to have no contact with B.G., Mr. Howell called B.G. and told her, "Look like I'm fucked," but B.G. replied that "It's cool…It's all taken care of." (*Id.* ¶ 9). Mr. Howell allegedly continued to communicate with B.G. using various methods to avoid detection, including calling B.G. at her mother's phone number, calling B.G.'s new number on a wifi calling app, borrowing another inmate's PIN number to call B.G., and using codenames for B.G. (*Id.* at ¶¶ 9, 11, 14, 18, 19). In one call, Mr. Howell asked a person, alleged to be B.G., if he could rely on her. (*Id.* ¶ 12.) When she answered that he could, Mr. Howell stated "Alright, I'm gonna hold you to that then." (*Id.*) The two allegedly discussed communicating by mail and the prison has logged two romantic letters addressed to Mr. Howell, sent from B.G.'s mother's address. (*Id.* ¶ 15.)

Mr. Howell has now responded to the motion and does not refute the allegations against him. In fact, he acknowledges that he violated an order of this Court, promises to

---

[2] Mr. Howell was also charged with three counts of Interference with Commerce by Robbery, 18 U.S.C. § 1951, and two counts of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii).

3

not have contact with B.G., and volunteers that he will not contact members of her family. (Def.'s Resp. 2–3.) He does not object to a restriction that allows him to call only his attorney, but suggests it is unnecessary (*Id.* 3). The Court finds no need for oral argument in this case and decides the motion on the submissions of the parties.

## II.   Legal Standard

The Due Process Clause of the Fifth Amendment protects federal pretrial detainees from punishment before they are convicted. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Conditions of confinement violate the Fifth Amendment when they are "not reasonably related to a legitimate goal" but are instead intended to punish detainees. *Id.* at 539. Conditions that are "incident of some other legitimate government purpose" and not imposed with the intent to punish are constitutional, even if they are unpleasant. *Id.* at 538. Preventing witness tampering is a legitimate government purpose and limiting a pretrial detainee's communication with people not his lawyer is a response rationally related to preventing witness tampering. *United States v. Hunter*, No. 12-CV-185(3) (ADM), 213 WL 593413, at *1–2 (D. Minn. Feb. 14, 2013) (finding that administrative segregation was rationally related to the legitimate government objective of preventing witness tampering).

## III.   Restricting Mr. Howell's Communications is Rationally Related to the Legitimate Goal of a Trial Free from Witness Tampering.

The United States alleges—and Mr. Howell does not deny—that he contacted B.G. or tried to contact B.G. over three hundred times while under a court order that prohibited him from doing just that. The numerous and blatant violations of this Court's prior order suggests that Mr. Howell's promises to refrain from contacting B.G. are aspirational at

4

best. Further, the uncontroverted allegations that Mr. Howell used others to communicate directly and indirectly with B.G. suggests that a broad ban on communication is not only reasonable but necessary to prevent Mr. Howell from violating the Court's order in the future. Thus, prohibiting Mr. Howell from contacting anyone other than his attorneys is rationally related to the legitimate government interest of holding a trial free from his interference, and is not punitive. *See United States v. Hunter*, 213 WL 593413, at *1–2; *United States v. Fasig*, No. 22-CR-66 (DSD/DTS), at 5–6 (D. Minn. June 6, 2022) (imposing similar restrictions to prevent witness tampering, obstruction of justice, and violation of a domestic abuse no contact order).

Accordingly, based on the submissions of the parties, **IT IS HEREBY ORDERED** that:

1. Mr. Howell will not contact anyone outside of the Sherburne County Jail except his attorney and other staff of the Federal Defender's Office until his case is over. He shall reach them at (612) 664-5858.

2. Sherburne County Jail shall present Mr. Howell's non-privileged mail to Special Agent Eli Carpenter for review. Special Agent Carpenter shall withhold only that mail which violates the Court's no contact order regarding B.G. The undersigned shall be provided with copies of any letters withheld by Special Agent Carpenter so that the Court may ensure that letters are properly withheld.

Date: October 3, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge